Roscoe **WILLIAMS**, Plaintiff in Error,

v.

**STATE** of Oklahoma, Defendant in Error.

No. A–12819.

Court of Criminal Appeals of Oklahoma.
March 2, 1960.

Geo. W. Gay, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

Roscoe Williams was charged by information filed in the district court of Oklahoma County with the crime of "operating a motor vehicle while under the influence of intoxicating liquor, after former conviction of operating a motor vehicle while under the influence of intoxicating liquor". He was tried before a jury and convicted, not of the felony charge, but of a misdemeanor. The verdict reads:

"We, the jury, empaneled and sworn in the above entitled case, do upon our oaths find the defendant guilty of operating a motor vehicle while under the influence of intoxicating liquor and leave the punishment therefor to be assessed by the court."

The court ordered that the defendant pay a fine of $25 and be imprisoned in the county jail for a period of nine months, and pay certain court costs.

In many cases reaching this Court on appeal the juries have often in the face of overwhelming evidence failed to find accused persons guilty of a prior offense, which if they did, compelled a conviction for a felony, rather than a misdemeanor.

But in the within case appellant insists that there is involved a stipulation, wherein admissions of the accused compelled conviction of the felony charge, or nothing.

Appellant counsel did not try the case.

The Attorney General has filed herein his motion to dismiss the appeal, insisting that this Court does not have jurisdiction to consider the appeal, pointing out that the conviction being for a misdemeanor, based on the jury failing to believe the evidence that there had been a prior conviction, that it was necessary that any appeal should be lodged in the Court of Criminal Appeals within 60 days from date of sentence, which was March 20, 1959, un-

less the court should before the expiration of said 60 days grant an additional period of 60 days. The record discloses that actually the court granted the defendant 30 days in which to make and serve casemade, but made no order extending time in which to perfect the appeal until June 30, 1959. The appeal was not lodged in this court until September 3, 1959, which was more than six weeks after the expiration of the maximum time allowed for an appeal in a misdemeanor case.[1] See 22 O.S.1951 § 1054, 12 O.S.1951 § 958.

We are, therefore, forced to the conclusion that this Court does not have jurisdiction, and the appeal must be, and is dismissed.

NIX and BRETT, JJ., concur.

---

[1]. If the record could be considered as a transcript, defendant's propositions could not be considered, as a stipulation involving evidential matters, necessary for treatment of the propositions raised form no part of a transcript. 22 O.S.1951 § 977 defines what constitutes the record.